UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VOXPATH RS, LLC, | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-160-JRG |
| | § | |
| LG ELECTRONICS U.S.A., INC., *et al.* | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

Pending before the Court is Defendants LG Electronics U.S.A., Inc. ("LG Electronics USA"); LG Electronics Inc. ("LG Electronics"); Samsung Electronics Co. ("Samsung"); Samsung Electronics America, Inc. ("Samsung America"); Best Buy Co., Inc. ("Best Buy"); Bestbuy.com, LLC ("Bestbuy.com"); Best Buy Stores, L.P. ("Best Buy Stores"); Best Buy Enterprise Services, Inc. ("Best Buy Enterprise"); Sony Corporation of America ("Sony Corporation"); Sony Computer Entertainment America Inc. ("Sony Computer"); Sony Electronics Inc. ("Sony Electronics"); Toshiba America Consumer Products, L.L.C. ("Toshiba"); Onkyo U.S.A. Corporation ("Onkyo"); Onkyo Corporation; Hewlett-Packard Company ("Hewlett-Packard"); JVC Americas Corp. ("JVC"); Yamaha Corporation of America ("Yamaha Corporation"); and Yamaha Electronics Corporation's ("Yamaha Electronics") (collectively, "Defendants")[1] motion to transfer this case to the United States District Court for the District of New Jersey (Dkt. No. 126.) Defendants contend that the District of New Jersey is clearly a more convenient forum than the Eastern District of Texas and seek to transfer venue pursuant to 28 U.S.C. § 1404(a). The Court, having considered the venue motion and the arguments of counsel,

---

[1] Although Defendant Toshiba America, Inc. originally joined in Defendants' motion, this party has since been terminated. Further, although Defendant Desay A&V Science And Technology Co. Ltd. ("Desay") does not join in this motion, they have not filed any document with the Court indicating they oppose it. Therefore, the Court will assume they do not have any opposition to the relief requested. *See* Local Civil Rule CV-7(d).

GRANTS Defendants' motion to transfer venue because the balance of the "private" and "public" *forum non conveniens* factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiffs. *See In re Nintendo Co.*, 589 F.3d 1194, 1197-98 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

## II.     Factual and Procedural Background

Voxpath RS, LLC ("Voxpath" or "Plaintiff") filed a complaint on November 19, 2009 against a number of Defendants named in the presently consolidated action, alleging such Defendants infringe United States Patent No. 5,450,378 ("the '378 Patent"). *Voxpath RS, LLC v. Denon Elecs. (USA) LLC, et al.*, 2:09-cv-00364-DF (E.D. Tex. Marshall Div.) ("the 09-364 Action"). Voxpath filed another complaint on May 17, 2010 against all Defendants named in the 09-364 Action as well as additional Defendants named in the present action, alleging the Defendants infringe the '378 Patent as well as claims for alleged infringement of United States Patent No. 6,304,530 ("the '530 Patent). *Voxpath RS, LLC v. LG Electronics U.S.A., Inc. et al.*, 2:10-cv-00160-DF (E.D. Tex. Marshall Div.) ("the 10-160 Action").

Voxpath is a Delaware corporation with its principal place of business in the Western District of Texas, in Austin. (Dkt. No. 126 at 3.) Defendants may be categorized into nine groups ("Defendant groups") – LG, Samsung, Sony, Toshiba, Onkyo, Best Buy, JVC, Hewlett-Packard, and Yamaha – five of which include named U.S. entities with headquarters or substantial offices in or near New Jersey. (Dkt. No. 172 at 1.) The remaining Defendant groups have headquarters in California or Minnesota. (Dkt. No. 126 at 4; Dkt. No. 172 at 1.)

2

The complaints allege that Defendants' sale of various optical disc players, including Buy-ray disc players, infringe the '378 and '530 Patents. More specifically, the complaints allege that Defendants' making, using, importing, offering for sale, and/or selling certain optical data reproduction devices infringe the patents-in-suit. The sole inventor on the '378 Patent is a resident of Iowa and the sole inventor on the '530 Patent is a resident of Japan. (Dkt. No. 126 at 3.) On September 2, 2010, the parties filed an unopposed Motion to Consolidate Cases and proceeded on the schedule for the 10-160 Action. (Dkt. No. 101.) This Court granted the Motion on September 9, 2010. (Dkt. No. 102.) On November 2, 2011, Defendants filed this Motion to Transfer Venue, arguing that the District of New Jersey was clearly a more convenient forum in which to litigate this lawsuit than the Eastern District of Texas. (Dkt. No. 126.) On January 1, 2011, the Court granted an unopposed Motion for Limited Venue-Related Discovery. (Dkt. No. 146.)

### III. Legal Standards

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

A threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must

weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the cost of attendance for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

## IV.  Analysis

### A.  Proper Venue

As a threshold matter, the court must first determine if venue is proper in the District of New Jersey. Transfer of a suit involving multiple defendants is ordinarily proper "'only if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court.'" *Id.* at 549 (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir.1984)). Plaintiff does not dispute that Defendants sell the product in question in all federal districts throughout the United States and that it could have brought the lawsuit in any jurisdiction. (Dkt. No. 135 at 3.) Therefore, venue would have been proper in the District of New Jersey.

### B. Private Interest Factors

#### i. *Cost of Attendance for Willing Witnesses*

The cost of attendance for willing witnesses, or the convenience of the parties and party witnesses, is the first "private" interest factor for the Court to consider. The Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the District of New Jersey. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. Although the court must consider the convenience of both the party and non-party witnesses, "it is the convenience of non-party witnesses…that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000); *see also id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

With regard to the party witnesses, the U.S. operations for Defendant groups LG, Samsung, Onkyo, and JVC have their headquarters in New Jersey. Further, Sony Corporation has its headquarters in New York and officers in New Jersey, and Sony Electronics has a substantial office in New Jersey, employing hundreds of employees. The remaining Defendant groups have headquarters or substantial offices in California or Minnesota, but not Texas. Further, these six of the nine Defendant groups intend to call a number of party witnesses located in New Jersey or New York, thus making New Jersey a convenient forum for a majority of the

5

Defendant groups. (Dkt. No. 172 at 2.) Defendants expect to call witnesses from or near New Jersey relating to financial, sales, marketing and other relevant matters. *Id.*

Voxpath intends to call party witnesses "located in at least Texas and other places." (Dkt. No. 135 at 11.) However, Voxpath only identifies party witnesses located outside the Eastern District of Texas in Austin and Dallas, located in the Western and Northern Districts of Texas, respectively. Voxpath has not identified a single witness located in the Eastern District of Texas whom it intends to call. Defendants may call party witnesses located in California and Minnesota. Texas may be a more convenient location for the California witnesses; however, because a majority of Defendant groups identify a number of witnesses they intend to call who are located in or near the District of New Jersey and because Plaintiff cannot point to a single witness it intends to call from within the Eastern District of Texas, this Court finds that the District of New Jersey is more convenient for party witnesses than the Eastern District of Texas.

With regard to non-party witnesses, both parties intend to call witnesses from various locations across the United States and the world. The inventors on each patent list addresses in Iowa and Japan; thus, each will travel significant distances regardless of venue in Texas or New Jersey. (Dkt. No. 126 at 9.) Further, prosecution attorneys for both patents are located in Washington, D.C., San Francisco, California, and the Northern District of Texas in Dallas. Plaintiff claims that technical witnesses who will travel from Asia can travel more conveniently to Marshall than New Jersey. However, the foreign witnesses will travel a significant distance regardless of whether venue is in Marshall or New Jersey. In contrast to the foreign witnesses, there are a substantial number of witnesses residing within or near New Jersey who would be otherwise "unnecessarily inconvenienced by having to travel." *See In re Genentech, Inc.,* 566 F.3d at 1345. Where a potential witness in Texas will be inconvenienced if the defendant's

6

transfer motion is granted, if there are more witnesses located in the transferee district who will be inconvenienced if the case is *not* transferred, the convenience of the witnesses weighs in favor of transfer. *See Baxter Healthcare Corp. v. Fresenius Medical Care Holdings, Inc.*, 2007 WL 433299 (E.D. Tex. Feb. 6, 2007).

The Federal Circuit's opinion in *In re Acer* is also instructive here. In *In re Acer*, a California company brought suit against 12 California defendants in the Eastern District of Texas. 626 F.3d 1252 (Fed. Cir. 2010). The defendants sought a transfer to the Northern District of California pursuant to 12 U.S.C. § 1404(a). *Id.* at 1254. The Court determined that the Northern District of California was clearly the more convenient forum because all but two of the U.S.-based companies in the case were headquartered in California, including a number that were actually located within the Northern District of California. *Id.* At the same time, not one company involved in the litigation was headquartered in the Eastern District of Texas. *Id.* The Court stated that it is "clear that the combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiff[']s chosen forum is an important consideration." *Id.* at 1255.

The Court concludes that, on balance, it would be more convenient for party and non-party witnesses to attend trial in the District of New Jersey. As illustrated above, it is reasonable to conclude that the numerous party witnesses of a majority of the Defendant groups will avoid material inconvenience if this case is transferred to the District of New Jersey. Furthermore, party and non-party witnesses located across the county and the world will experience no more inconvenience by traveling to New Jersey than Marshall. Finally, Plaintiff has not identified a single witness located within the Eastern District of Texas. As such, the court concludes that this factor weighs in favor of transfer.

*ii.     Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the second "private" interest factor to consider. Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor. *See Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321. Indeed, the Federal Circuit counsels that an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases. *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.") (citation omitted).

In this case, many of the Defendants' documents concerning the sale of the accused optical disc players are located in New Jersey or New York. (Dkt. No. 126 at 10.) Plaintiff counters that, after limited discovery allowed by this Court, 12 of the 18 Defendants have no documents in New Jersey. (Dkt. No. 166 at 4.) Further, Plaintiff counters that many of its relevant documents are located within the Eastern District of Texas. (Dkt. No. 135 at 7.) While Plaintiff admits most of its documents are located in the Western District of Texas, all documents relating to infringement studies are located in the Eastern District of Texas. *Id.*

The process of considering this factor is similar to that used in considering the convenience of witnesses as discussed above. Although Plaintiff will be inconvenienced if this case is transferred to the District of New Jersey, its inconvenience does not offset the inconvenience that such a transfer would cause for a number of Defendants and a majority of the Defendant groups in this case; especially given that a majority of the Defendant groups have sources of proof in or near New Jersey and Plaintiff only has a limited number of sources of

8

proof in the Eastern District of Texas. The court concludes that this factor weighs slightly in favor transfer.

### iii. Availability of Compulsory Process

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316. Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.* The Federal Circuit has made it clear that "absolute" subpoena power does not require that all relevant non-party witnesses reside within the subpoena power of the court. *In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009). Rather, "absolute" subpoena power requires merely that the court have the power to subpoena non-party witnesses for both depositions and trials. *Id.* at 1338.

The parties apparently agree that likely third party witnesses are not located within the compulsory process power of either the Eastern District of Texas or the District of New Jersey. Therefore, this factor is neutral.

### iv. Other Practical Problems

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d at 1351. The Fifth Circuit as well as other circuits have emphasized that a party should not delay filing of a motion to transfer. *In re Wyeth*, 406 Fed. Appx. 475, 477 (Fed. Cir. 2010); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *McGraw–Edison Co. v. Van Pelt*, 350 F.2d 361, 364 (8th Cir. 1965). In *Peteet*, the Fifth Circuit stated that "[p]arties seeking a change of venue should act with 'reasonable promptness.'" *Peteet*, 868 F.2d at 1436. "Without reasonable

9

promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer." *Wyeth*, 406 Fed. Appx. at 477.

Plaintiff contends that Defendants' delay in filing its Motion to Transfer Venue causes this factor to weigh against transfer. Defendants, however, filed their Motion to Transfer Venue approximately two months after the Court granted the parties unopposed Motion to Consolidate Cases. In the Court's opinion, the Defendants' filing of its Motion only after consolidation was an effort to achieve judicial economy, and not due to a failure to act with reasonable promptness. Furthermore, the parties have recently conducted limited, venue-related discovery in this matter and no briefing on the merits has been conducted. As such, the court concludes that Defendants did not unduly delay in filing their motion to transfer venue. The Court concludes that this factor is neutral.

    **B.**     **Public Interest Factors**

        *i.*     *Local Interest*

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Communities have the right to adjudicate disputes involving "several individuals" who have had their "work and reputation" called into question "and who presumably conduct business in that community." *Hoffman-La Roche*, 587 F.3d at 1336. Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

Defendants argue that the District of New Jersey has a much stronger local interest in resolving this case than the Eastern District of Texas because many Defendants' offices are located in New Jersey. (Dkt. No. 143 at 4). Further, a number of Defendants substantial business activities regarding marketing and sale of the accused optical disc players take place in New Jersey. *Id.* Conversely, no company involved in this matter, including Plaintiff, has an office in the Eastern District of Texas. As such, Defendants argue that the citizens of the District of New Jersey have an interest in adjudicating a dispute which calls into question the work and reputation of businesses located within and individuals working in their locale rather than the Eastern District of Texas. Plaintiff agrees that many Defendants have offices in and around New Jersey yet argues that this factor is neutral.

The court agrees that the District of New Jersey has a stronger local interest in resolving this litigation. At least a number of the parties to this litigation are headquartered in the District of New Jersey or have a substantial office in or near New Jersey. None of the parties is headquartered in the Eastern District of Texas, and none developed any of the accused products here. Accordingly, this factor weighs in favor of transfer.

      ii.      *Court Congestion*

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. *Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* Plaintiff contends that transfer of the case to the District of New Jersey would increase the time to trial by approximately 20 months. Defendants assert that the District of New Jersey has

adopted local patent rules to expedite trial times in patent cases. In all, however, given the speculative nature of this factor, the court finds this factor to be neutral.

### iii.     Familiarity with the Governing Law

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the District of New Jersey and the Eastern District of Texas are familiar with patent law, and thus this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320-21.

### iv.     Avoidance of Conflict of Laws

The parties agree that there is no issue with respect to conflicts of law and therefore, the Court finds this factor neutral.

## V.     Conclusion

While this Court recognizes the significant burden placed on a movant in a motion to transfer venue, consideration of all of the "private" and "public" interest factors, shows that the District of New Jersey is "clearly more convenient" than the Eastern District of Texas in this case. Three of the § 1404(a) factors weigh in favor of transfer and the remaining factors are neutral. As such, Defendants' motion to transfer venue is GRANTED.

**So ORDERED and SIGNED this 23rd day of January, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE